## In re HOWELL.

(District Court, M. D. Pennsylvania. December 8, 1902.)

1. ELECTIONS—CONTESTED ELECTION OF CONGRESSMAN—PRESERVATION OF EVIDENCE.

Under Rev. St. §§ 109, 123 [U. S. Comp. St. 1901, pp. 60, 63], which authorize a district judge of the United States to issue subpœnas and orders for the purpose of obtaining testimony and papers to be used as evidence in case an election of congressman is contested, such judge has power and it is his duty, on proper application, to require the ballots cast at the election to be taken from the boxes and preserved, where it is shown that they are desired as evidence by one of the parties to the contest, and that under the state law they would be destroyed before they could be used; and it is immaterial whether or not the issues to the contest have been made up so as to authorize the taking of testimony when such application is made.

At Law. Application for order for the production of papers, under sections 109 and 123 of the Revised Statutes [U. S. Comp. St. 1901, pp. 60, 63], in the contested election of congressmen.

At the general election, November 4, 1902, in the Tenth congressional district of Pennsylvania, George Howell, the Democratic candidate, received a majority of 461 votes, and thereupon his opponent, William Connell, gave notice of contest. Under the law of Pennsylvania, the ballots cast at the general election in November are kept in the ballot boxes until the municipal elections held in February, and are then taken from the boxes and destroyed to make way for that election. For the purpose of obtaining and preserving the ballots cast at the election in contest, a petition was presented by the contestant to Archbald, District Judge, setting forth: "First. That on the 4th day of November, 1902, there was held in the county of Lackawanna, state of Pennsylvania, which comprises the Tenth congressional district of Pennsylvania, an election for the purpose of electing a member to the house of representatives of the 58th congress of the United States. Second. That at the said election there were returned and counted for your orator 13,139 votes, and for the defendant 13,600 votes. Third. That in the several election districts in the said congressional district at the said election there were cast, returned, and canvassed for George Howell, for member of the house of representatives, of the said 58th congress, illegal, false, and fraudulent ballots, the said fraud, falseness, and illegality being committed, as your orator by his attorneys is informed and believes, in the following ways: (a) There were cast and counted at said election numerous votes by persons who were not registered, and who did not make legal proof of their right to vote at said election. (b) There were cast and counted at said election

numerous votes by persons who were not of the age of 21 years. (c) There were cast, counted, and returned at said election numerous votes by persons who were not born in the United States, and had never been naturalized in conformity with the law, at the time they and each of them cast said ballots at said election. (d) There were cast and counted· at said election, in the several election districts, numerous votes by persons who had failed to pay taxes in conformity with law. (e) There were cast and counted at said election, in the several election districts, numerous votes by persons who were not entitled to vote according to law on account of lack of residence, as required by law, in said election districts. (f) That at said election in several districts of said congressional district the election officers were not sworn in conformity with law, and were not qualified to hold an election or make return or count of the votes cast therein. (g) That in the several election districts the count by the election officers was illegal, false, and fraudulent, and in violation of the election laws. (h) That in the several election districts original ballots were secured by agents of the defendant and cast by people secured by them. (i) That election officers fraudulently counted ballots marked X in the circle at the top of the Democratic column for the defendant, George Howell, notwithstanding the fact that the said defendant was debarred from being a candidate on the Democratic ticket for membership in the house of representatives in the 58th congress of the United States by a decision of a court law of the commonwealth of Pennsylvania. Fourth. That not only were many of said ballots fraudulently counted and returned, but many were also irregularly marked. Fifth. That, upon a fair and lawful count of the duly authorized ballots, your orator would be decided to be elected by a large majority. Sixth. That proceedings have been instituted and are now pending and suit has been begun to the extent of serving notice upon the defendant by your orator of a contest to determine the right of· the defendant to a seat as member of the house of representatives of the 58th congress of the United States. Seventh. That your orator, by his attorneys, is informed and believes that there is a plan to fraudulently tamper with the ballot boxes, and to change the ballots as they now exist. Eighth. That, according to the statutes, the present ballots must be destroyed before the election to be held in February, 1903, in order that the boxes may be used in the said February election. Ninth. That the said ballots will be needed as evidence in the trial of the above-mentioned suit to determine the right of the defendant as a member of the house of representatives in the 58th congress of the United States, notice of which has been served upon the defendant by your orator, to prove fraud, fraudulent counting, and the other allegations hereinbefore made. Tenth. That the said ballots will not be needed as evidence to prove fraud, illegality, and fraudulent counting, before they would necessarily be destroyed in conformity with the statute law of Pennsylvania. Eleventh. That said ballots should be preserved to defeat fraud, and to perpetuate the evidence in the suit now begun to determine the right of your orator to be seated as a member of the house of representatives in the 58th congress of the United States from the Tenth congressional district of Pennsylvania. Twelfth. That if said ballots are tampered with through fraud or dishonesty, or stolen, or destroyed in conformity with the statute, the evidence which will be needed in the above-stated contest case, in which your orator is plaintiff, will be impaired or destroyed, and your orator will be irreparably injured thereby. Thirteenth. That there is no remedy at law to preserve the ballots until such times as they may be needed as evidence in the case stated brought by your orator against the defendant, other than as provided by sections 109 and 123 of the Revised Statutes. Fourteenth. Your orator prays that a subpœna or subpœnas may issue from your honor directed to the custodians of the ballot boxes of each and every election district of the said congressional district, directing that said custodians be and appear before your honor, as judge of the district court of the United States for the Middle district of Pennsylvania, in the court room in the federal building at Scranton, upon a day or days to be designated by your honor, and to bring with them the ballot boxes of each and every election district in the said congressional district, containing the ballots and all other official papers which be therein, to be deposited with your honor for safe-keeping until such time

as the said boxes may, after a hearing by a decree or order issuing from your honor, be emptied of the ballots and other official papers, and said ballots and other official papers be sealed up and preserved until such time as they may be needed as evidence in the case brought by your orator against the defendant, in which case proceedings have been instituted and are now pending."

In pursuance of the petition the following notice was served:

"Hon. George Howell—Sir: You are hereby notified that application will be made to Hon. R. W. Archbald, judge of the U. S. district court, at his chambers in the United States building, in Scranton, at three o'clock in the afternoon of the 8th day of December, 1902, for an order directing that the ballots and contents of the several ballot boxes in the several election districts in the county of Lackawanna be forthwith collected, sealed, and deposited in a place of safety, pending the disposition of and final judgment in above-stated case.

"R. H. Holgate, of Counsel for Contestant."

R. H. Holgate, for petitioner.

C. Ballentine, for respondent.

ARCHBALD, District Judge (orally). The authority given by the section of the Revised Statutes referred to cannot be questioned, and I cannot refuse an application which is brought within its terms. It is immaterial whether an issue has yet been made up or not, because if testimony were being taken I would have no right to pass upon its relevancy or irrelevancy. I am also of the opinion that it is within the authority given by the statutes to require the production of these ballots. They are important evidence, if desired, and before they can be used they will be destroyed under the state law to make way for the coming municipal elections. The only question is how best to get at it. I could require the parties in whose custody the boxes now are to produce them before me and have the boxes opened in my presence and the contents of each taken out and sealed up in separate and convenient packages. But why cannot this be done just as well through the medium of commissioners appointed by the court and acting for it? This is the course pursued in contested elections in the state courts, and, while the analogy is not complete, yet the practice is at least suggestive. I am inclined to pursue it, and, if counsel for the respective parties to this proceeding will each nominate some one in whom I have confidence, I will appoint them to act.

The following order was subsequently made:

In re Contested Election of George Howell, Congressman-Elect for the Tenth Congressional District of Pennsylvania.

On due application made by William Connell, contestant, it is hereby ordered that the ballot boxes, with the ballots and contents of the same, which were used in the general election held November 4, 1902, in the Tenth congressional district of Pennsylvania, composed of the county of Lackawanna, be forthwith produced, by the several parties in whose possession or custody they may be, before the undersigned, United States district judge of the Middle district of Pennsylvania, wherein the said congressional district is situated, at his chambers in the federal building at Scranton; and P. W. Stokes and John J. Toohey are hereby appointed commissioners to receive in that behalf the said ballot boxes, and the contents of the same, so ordered to be

produced, with authority to open the said ballot boxes at the several places where they may be found, and to take therefrom all ballots, papers, or other contents, and the same to severally inclose and seal up in convenient packages, keeping separate the ballots, papers, and contents of each box, noting at the time the condition in which each of the said ballot boxes is found, and where and in whose custody found; and, having identified the said packages with their signatures and seals, they shall deliver and deposit the same with the clerk of the said district court at his office in the said federal building.

Witness my hand this 8th day of December, A. D. 1902.

R. W. ARCHBALD, District Judge.